Opinion of the Court, by
Cu. J. Boyle.
THE main question in this case, is, whether a 1 sale for a female slave, executed by the complain! the defendant, was intended to be an absolute co| anee or a mortgage.
Parol evi-donee,though to°vary the term? or a written oón-tr!lcb}s a(1* to prove a vice in it; pf0yV that a bill of sale, 2T.af "age tó
f-rillmden, ibr appellant; Sharp^Sfc. for appellee.
The bill of sale purports, on its face, to be an absolute conveyance, and there is no written evidence produced, conducing to show it to have been otherwise intended by the parties; but the parol testimony, we think, very clcarly evinces that the bill of sale was given as a secur-itv for money due from the complainant to the defendant, and was intended by them to operate as a mortgage. Rut this testimony is contended do be inadmis-s.iblc; and for the purpose of showing it to be so, the case ot Thompson and rotUr, b Lilt* Hep. 74, is cited and relied on. That case differs from this, however, 'uone very material feature. In that case, there was no allegation of any vice in the transaction; which could avoid the contract; but in this, it is alleged that the conveyance was made to secure an Usurious interest, which so far renders the contract void, and the fact is established by the testimony.
Low, although it is a general rule, that parol mony is inadmissible to Vary the terms of a written contract, yet it is ah established principle, that any matter which vitiates the contract, may be proved by parol testimony; and of course, if the contract be void, it may be shown to have been intended to operate differently from what, on its face, it imports.
There being no errors assigned in the details of the decree, it is unnecessary to notice them.
'.File decree must be affirmed with costs.